## M. W. CARROLL v. MITCHELL-PARK MANUFACTURING COMPANY.

Decided April 9, 1910.

**1.—Appeal—Finding of Fact—Clerical Error.**

When all the evidence introduced upon a trial showed that a certain machine, the subject of contract and controversy between the parties, was known as a No. 2 machine, a statement by the trial court in its findings of fact that the machine in controversy was a No. 1 machine, will on appeal be treated as a clerical error.

**2.—Pleading and Proof—Promissory Note—Variance between Figures and Writing.**

In a suit upon a series of notes the petition alleged that they were each for $112.50; in the notes introduced in evidence the amount to be paid was stated in figures at $112.50 and in writing as "One hundred and twelve and no/100 dollars;" held, the notes were properly admitted in evidence over an objection that there was a variance between the pleading and proof; and the

evidence showing without dispute that the correct amount was $112.50, judgment was properly rendered accordingly.

**3.—Promissory Note—Signature—Rubber Stamp.**

An objection to the admission in evidence of a promissory note sued on that the note was signed with a rubber stamp, was without merit.

**4.—Bill of Exception—Exclusion of Evidence.**

A bill of exception to the exclusion of the answer of a witness can not be considered when the bill does not disclose what the answer of the witness would have been.

**5.—Contract—Purchase of Machinery—Acceptance—Failure to Rescind.**

The substance of a contract for the purchase of machinery was that the purchaser should test the machine in his own way, and if he did not wish to keep it after testing it he should so notify the seller within thirty days after starting the machinery, and a failure to do so should be considered a full acceptance of the contract and machinery. Held, a failure by the purchaser to notify the seller that he did not wish to keep the machine and his retention and use of the same for several months without complaint, must be taken as an acceptance of the contract, and he could not refuse to pay the notes given for the purchase money of the machinery.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower. Jr.

*Fleming & Fleming* and *W. H. Burges,* for appellant.—The court having found in its findings of fact that appellee was to deliver to appellant a No. 2 moulding machine, and that it delivered a No. 1 moulding machine, and that it would not do the work it was contemplated it should do, could not have rendered any judgment against appellant. Jones v. George, 61 Texas, 350; Simpkins on Contracts and Sales, 371, 372; Columbian Iron Works & D. D. Co. v. Douglas, 33 L. R. A., 103.

There was material variance between the allegations descriptive of the notes and the notes offered in evidence, and they were improperly admitted over defendant's objections. Espey v. Heidenheimer, 58 Texas, 662; Henry v. Fay, 2 Texas App. Civ., sec. 834.

The retention of the machine and Gravity Moulding Method by appellant did not preclude him from showing a failure of consideration of the notes sued on, or recovering for damages on the express warranty contained in the contract, it nowhere providing that the retention of the machine should be considered as a fulfillment of the warranty. Aultman v. Hefner, 67 Texas, 54; Mills v. Johnson, 3 Texas Civ. App., 359; Hayden v. Houghton, 24 S. W., 803; Houchins v. Williams Bros., 25 S. W., 730; McGill v. Hall, 26 S. W., 132; Taylor Cotton Seed O. & G. Co. v. Pumphrey, 32 S. W., 225; Bryan Cotton Seed Oil Mill v. Fuller, 57 S. W., 924; Ash v. Beck, 68 S. W., 55; Duncan-Hobson Elec. Co. v. City of Coleman, 100 S. W., 1004; Tiffany on Sales, 244; 24 Ency. Law, 3 b., p. 1157; Kellog Bridge Co. v. Hamilton, 110 U. S., 108; Prairie Farmer Co. v. Taylor, 69 Ill., 440; 2 Benjamin on Sales, 4th ed., sec. 1346, p. 348; Doane v. Dunham, 65 Ill., 512; Owens v. Sturges, 67 Ill., 366; Mears v. Nichols, 41 Ill., 207; Underwood v. Wolf, 131 Ill., 425; Fairbanks Canning Co, v. Metzger, 118 N. Y., 260.

*Crook, Lord & Lawhon,* for appellee.—The defendant having fairly and fully tried the moulding machine and method, and accepted the same, paid the cash payment and executed the notes according to the provisions of the written contract, and having retained the said machine throughout the trial period of thirty days, and not having expressed a desire to discontinue the use of the machine and method, and not having served notice to that effect on the plaintiff within thirty days after starting the machine, he is bound by the terms of the written contract and is required to keep the machine and pay the contract price therefor.  Hutches v. J. I. Case Threshing Machine Co., 35 S. W., 60; Thomas Mfg. Co. v. Griffin, 16 Texas Civ. App., 188; Aultman & Co. v. McKinney, 26 S. W., 267; Bonham Compress Co. v. McKellar, 86 Texas, 694; J. I. Case Threshing Co. v. Hall, 32 Texas Civ. App., 214; McCormick Harvesting M. Co. v. Arnold, 76 S. W., 323; Nichols & Shepard Co. v. Caldwell, 80 S. W., 1099.

REESE, ASSOCIATE JUSTICE.—The Mitchell-Park Manufacturing Company brought this suit against M. W. Carroll to recover $1,125 with interest, being the amount due upon ten promissory notes executed by defendant for $112.50 each.  Upon trial without a jury there was a judgment for plaintiff for the full amount claimed, from which defendant prosecutes this appeal.

The notes were given as part of the purchase price of a certain machine called a Gravity Moulding Machine and the Method for using the same, both covered by letters patent, sold by appellee to appellant, who was doing business under the name of Texas Iron & Car Works, under which name the contract for the purchase of the machine and the notes were executed.

To the action appellant pleaded failure of consideration of the notes, breach of warranty as to the machine, fraud in procuring the contract, etc.

We adopt the following conclusions of fact found by the trial court, correcting what is evidently a mere clerical error as to the machine being No. 1 instead of No. 2, and omitting certain immaterial findings which are objected to by appellant and which we do not find to be fully supported by the evidence to the extent stated in the court's findings:

"I find that on May 21, 1907, the plaintiff and defendant entered into the following contract in writing, to wit:

'CONTRACT.

" 'This contract, made and entered into this May 21, 1907, by and between the Mitchell-Parks Mfg. Co., a corporation of St. Louis, State of Missouri, hereinafter called first party, and Texas Iron & Car Wks., hereinafter called second party,

" 'Witnesseth, that for the consideration hereinafter stated said first party has this day sold to said second party the right to use in their foundry at Beaumont, Texas, the Gravity Moulding Method and one No. 2 machine for practicing same; the same method and machin-

ery being protected by letters patent granted in the United States; said patents now being owned by the said first party.

" 'The first party agrees to deliver said machinery in good condition f. o. b. cars at point of shipment, and to guarantee same to be free from mechanical defects.

" 'The second party agrees to pay freight charges to destination and to install the machine at his own expense.

" 'The second party agrees to pay said first party as consideration for the machine and right to use said method the sum of $1,500, payable as follows: One-fourth, or $375, on shipment of machinery, and the balance on acceptance at the expiration of the trial period, in cash, less 2%, or in ten equal monthly payments of $112.50 each in notes bearing 6% interest from date.

" 'It is further agreed that, should said party desire to discontinue the use of the moulder, and serve notice to that effect on said first party within thirty days after starting the machinery, then said first party hereby agrees to refund to said second party the full amount of the first payment, the said second party agreeing to box or crate the machinery and deliver same to the nearest railroad station subject to the order or shipping instructions of the said first party. Failure on part of said second party to notify said first party of their intention to discontinue the use of the moulder within thirty days after starting same shall be construed as a full acceptance of this contract.

" 'Said first party contracts and agrees to defend and protect said second party in the use of said method and machinery against any and all suits that may be brought against said second party by any person, firm or corporation, involving the right of said second party to use said method and machinery.

" 'This contract is binding upon the first party when signed by its president or secretary or its duly authorized officers.

" 'In witness hereof the parties have hereunto affixed their respective signatures, the party of the first part executing the same by and through its proper officers, with its corporate seal attached.

" 'This contract signed in duplicate.

" 'Mitchell-Parks Mfg. Company,
" 'by J. N. Bonner, Secty., first party.
" 'Texas Iron & Car Works,
" 'by M. W. Carroll, second party.

" 'Method protected by U. S. Patent No. 840,070, dated January 1, 1,907. Machine protected by U. S. Patent No. 840,789, dated January 8, 1907.'

"I further find that in accordance with the foregoing contract the plaintiff, the Mitchell-Parks Mfg. Co., shipped to the defendant at Beaumont, Texas, the Gravity Moulding Machine No. 2, with the method of practicing the same, and that the said machine was erected and installed by the defendant in his foundry at Beaumont, Texas.

"I further find that the defendant was unable to make the machine in question do the work that it was contemplated it should do.

"I further find that the defendant subjected the said Gravity Moulding Machine and Method to a complete and fair test after the

same was erected, and after using and testing the said machine and method until the 20th day of September, 1907, the defendant accepted and retained the said Moulding Machine and method, and on said date executed his ten promissory notes to the plaintiff, each for $112.50, in accordance with the said written contract, and delivered the said notes to the plaintiff, being the same notes herein sued on and fully described in the statement of facts in this cause, and I also find that the defendant paid one-fourth of the purchase price of the said Moulding Machine and Gravity Method, to wit, $375, in accordance with the said written contract.

"I also find that the defendant has never at any time expressed a desire to discontinue the use of the Moulding Machine and Method, and that the defendant did not give notice to that effect to the plaintiff within thirty days after starting the machinery, and that, in fact, the defendant has never given notice to that effect to the plaintiff.

"I also find that there was no fraud on the part of the plaintiff in testing the said Gravity Moulding Machine and Method, and that the defendant tested the same in his own way. And I also find that there was no fraud on the part of the plaintiff in inducing the execution of the written contract above set forth. I also find that the said machine was without mechanical defects.

"I further find that the defendant expressed to the plaintiff perfect satisfaction with the Moulding Machine and Method for several months, and that he never expressed any dissatisfaction therewith to the plaintiff until about the time of the filing of this suit. I find also that the defendant repeatedly requested extension of payment of his obligation after his notes began to fall due."

What is stated by appellant as an error apparent of record is not such at all. (Houston Oil Co. v. Kimball, 2 Sup. Ann., 42.) If, however, the alleged error had been regularly assigned, such assignment could not be sustained. It is quite apparent from the entire evidence that the statement, in the findings referred to, that appellee had delivered to appellant a No. 1 Moulding Machine, is a mere clerical error. The undisputed evidence showed that the delivery was of a No. 2 machine, as called for in the contract.

As to the other finding which the court is charged to have made, "that the machine would not do the work it was contemplated it should do," the court did not so find. What the court, in fact, found upon this point was, that "the defendant was unable to make the machine in question do. the work it was contemplated it should do."

The notes sued on were described in the plaintiff's petition as "ten certain promissory notes for the sum of $112.50 each." Appellee introduced in evidence notes, the first of which is as follows:

"St. Louis, September 20, 1907.

"One month after date for value received we promise to pay to the order of Mitchell-Parks Mfg. Co. $112.50 (one hundred twelve and no/100 dollars) with six percent interest from date. Negotiable with exchange."

The others were the same, except as to the due date. There was

no marginal notation of the amount due. To the introduction of these notes appellant objected on the ground of "mutilation and variation from the notes described in the petition." The objection was overruled and appellant excepted, and the ruling is made the basis of the first assignment of error.

It will be seen that there was a difference between the amount stated in figures, "$112.50," in the face of the note, and the amount stated in writing, "one hundred twelve and no/100 dallars." If the notes had been set out in *haec verba* in the petition this ambiguity could be explained by evidence *dehors* the notes showing which was really the correct amount for which they were intended to be given. The only statement as to the amount of the notes in the petition was that they were for "$112.50." Under this allegation the notes were properly admitted in evidence. The evidence showed without dispute, and unmistakably, that $112.50 was the correct amount. Appellant admitted in his answer the execution of the notes sued on.

The other objection, that one of the notes was signed with a rubber stamp, is also without merit.

Upon the trial appellant, as a witness for himself, was asked what was the market value of the machine. It was objected that the witness was not qualified to answer. The court sustained the objection, to which appellant excepted. It does not appear from the bill of exceptions what the witness would have answered, and we are unable to determine whether such answer would have in any case materially benefited appellant. He might have answered that he did not know the market value. We certainly can not assume that the exclusion of the answer was harmful. Further, it is not shown that the witness was qualified to speak as to the market value of this machine. The mere fact that he was a foundryman did not qualify him. In view of the court's findings the evidence was immaterial. The assignment of error is overruled.

The evidence as to representations made by Willie Huber, an agent of appellee who was sent to show the operation of the machine, was not admissible. He had no authority to bind appellee by such representations. It further appears that the evidence was entirely immaterial. The essential ground of recovery was that under the terms of the contract appellant's failure to notify appellee of his intention to discontinue the use of the machine within thirty days after starting the same, was a full acceptance of the contract.

The eighth, ninth and tenth assignments of error present objections to certain conclusions of fact as unsupported by and contrary to the evidence. The objections can not be sustained.

The trial court found that the defendant repeatedly requested the extension of payment of his obligations after his notes began to fall due, "always expressing satisfaction with the machine," which finding is objected to by the eleventh assignment. The latter part of this finding we have not adopted in our conclusions of fact. We do not find that it is fully supported by the evidence. We regard it as entirely immaterial. The assignment of error presents no ground for reversal.

The conclusion of fact made the basis of the twelfth assignment of

error we have also excluded from our conclusions on the ground that it is not fully supported by the evidence. It is also wholly immaterial.

By the thirteenth and fourteenth assignments appellant complains of the following conclusions of law of the trial court:

"The defendant having fairly and fully tried the moulding machine and method, and accepted the same, paid the cash payment and executed the notes according to the provisions of the written contract, and having ·retained the said machine throughout the trial period of thirty days, and not having expressed a desire to discontinue the use of the machine and method, and not having served notice to that effect on the plaintiff within thirty days after starting the machinery, he is bound by the terms of the written contract, and is required to keep the machine and pay the contract price therefor.

"The acceptance of the machine after a fair trial precluded the defendant from rescinding the contract or defending on the ground of failure of consideration or claiming damages on account of the failure of the machine to fulfil the purpose for which it was purchased."

There was no express warranty in the contract except that the machine should be free from mechanical defects. The court found that it was, which finding of fact we have adopted, and this settles all questions arising upon this the only express warranty in the contract. The substance of the contract was that appellant should test the machine in his own way and keep it or not, as he might choose, subject only to the condition that if he did not choose for any reason, or without reason, to keep it, he should notify appellee of such desire within thirty days after starting the machinery, agreeing that failure on his part to do so should be considered a full acceptance of the contract. Having not only failed to so notify the appellant within the time specified or at any time until the filing of this suit, but, on the contrary, having for months evidenced his entire satisfaction with the machine and method, the subject of the contract, unmistakably, by the terms of the contract, appellant must be held to have accepted the contract, and must pay the notes. In the face of the plain terms of the contract and his own acts it does not matter, as found by the court, that appellant was unable to make the machine do the work it was contemplated it should do. This did not affect the express provisions of the contract whereby appellant had bound himself.

We find no error in the record and the judgment is affirmed.

*Affirmed.*